Case 4:24-cv-00852   Document 28   Filed on 06/04/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA I. REISMANN SEXTON, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> MARGARET ROLLINS and UNIVERSITY § <br> OF TEXAS McGOVERN MEDICAL § <br> SCHOOL, ROBERT CIZIK EYE CLINIC, § <br> *Defendants*. § | CIVIL ACTION NO. 4:24-CV-0852 |

## ORDER

Before the Court is the Motion to Dismiss Plaintiff's Original Complaint filed by Defendants The University of Texas Health Science Center ("UTHealth") and Margaret Rollins ("Rollins") (collectively, "Defendants"). (Doc. No. 9). Plaintiff Diana I. Reismann Sexton ("Plaintiff") has filed a response in opposition to which the Defendants have replied. (Doc. Nos. 10, 15). Subsequently, Plaintiff filed a second document she titled as a response. (Doc. No. 19). Defendants have moved to strike this pleading as an improper sur-reply. (Doc. No. 24). The Court, considering the fact that Plaintiff is proceeding *pro se*, overrules the Motion to Strike and will consider the pleading as a sur-reply. Having considered the Complaint, the briefings (including the sur-reply), and the applicable law, the Court hereby GRANTS Defendants' motion to dismiss.

**I.   Factual Background**

As noted above, Plaintiff is acting *pro se*, which is her right. That being the case, however, her pleadings are both factually and legally less than precise. This factual background comprises a combination of allegations gleaned from all of the pleadings, not just the Complaint. The Court will confine its rulings in this motion to dismiss scenario to the Complaint as it must under the law. However, even considering all of the pleadings, the Court has been supplied with very few

facts that pertain to the actual alleged causes of action. Apparently, Plaintiff was a certified ophthalmic technician and optometrist and optician in her country of origin, Argentina. (Doc. No. 1 at 18, 43). She worked at the UT Health Ruiz Department of Ophthalmology and Visual Science in its Robert Cizik Eye Clinic (the "Clinic") as an Ophthalmic Assistant. (*Id.* at 43). Defendant Rollins was the practice manager at the Clinic. Rollins is a Certified Ophthalmic Medical Technologist—a certification that Plaintiff is seeking here in the United States. (Doc. No. 19 at 26–27). According to Plaintiff, Rollins holds a higher certification (at least in the United States) than she herself does. (*Id.*).

Plaintiff's Complaint, while lengthy, does not plead facts that neatly fit the necessary elements of each of the causes of action she has pleaded. What is clear is that the management at the Clinic did not find her treatment of patients or her interactions with coworkers to comply with the Clinic's standards. Eventually, the Clinic parted ways with Plaintiff. In this action, Plaintiff contends she was wrongfully terminated and she alleges causes of action based upon national origin discrimination (Count 1), Age Discrimination in Employment Act (ADEA) (Count 2), violations of the Equal Protection Clause of the Fourteenth Amendment (Count 3), libel under § 73.001 of the Texas Civil Practice and Remedies Code (Count 4), and an unspecified violation of Title VI (Count 5). (Doc. No. 1 at 38).

## II. Legal Standard

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* The court may also consider documents that a defendant attaches to a motion to dismiss, if the documents are "referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 500 (5th Cir. 2000); *see also Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (Lynn, J.).

Courts generally hold the pleadings filed by *pro se* plaintiffs to a more lenient standard than those filed by lawyers. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Nevertheless, "*pro se* litigants must still plead factual allegations that raise the right to relief above the speculative level." *Id.* (citing *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

3

**III.   Analysis**

Defendants accurately point out that Plaintiff's Complaint seems to be a combination of several different documents which are at times difficult to synthesize. The heart of Plaintiffs allegations are that Plaintiff, a woman from Argentina, claims that the Defendants wrongfully terminated her and she seeks recovery under multiple pathways. Her causes of action include: (1) national origin discrimination under Title VII, (2) age discrimination under the Age Discrimination in Employment Act (ADEA), (3) equal protection under the Fourteenth Amendment, (4) libel under Texas Civil Practice and Remedies Code § 73.001, and (5) an undescribed claim under Title VI. Plaintiff seeks both money damages and injunction relief. Defendants attack all five counts—some on general grounds and some on more specific grounds. The Court will address the latter first.

   *A.   Sovereign Immunity bars Plaintiff's Libel, ADEA, and Equal Protection Actions*

The Defendants claim that they cannot be sued for several of Plaintiff's claims, including libel, age discrimination under the ADEA, and equal protection violations, under the doctrine of sovereign immunity. The Court agrees. First, as to libel, Texas has not waived its sovereign immunity for intentional torts. Texas Civil Practice and Remedies Code § 101.021 allows state governmental units to be sued only in certain circumstances. Libel is not one of these circumstances. In fact, § 101.57 makes it clear that state entities and their employees cannot be sued for any intentional torts (including libel). *See e.g., Wagner v. Texas A&M Univ.*, 939 F. Supp. 1297 (S.D. Tex. 1996); *Rivera v. Texas State Bd. of Med. Examiners*, 431 Fed. App'x 356 (5th Cir. 2011). Therefore, the Court finds that sovereign immunity bars Plaintiff's libel claims against all Defendants.

4

Second, as to the alleged ADEA violations, neither Texas nor Congress has waived Texas's sovereign immunity from ADEA claims. Thus, none of the Defendants may be sued under the ADEA. *Chhim*, 863 F.3d at 469; *Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch*, 217 Fed. App'x 391, 395 (5th Cir. 2007).

Third and finally, though Plaintiff does not classify her claims for equal protection violations as § 1983 claims, the Court will treat them as such. *See Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382–83 (5th Cir. 1980) (stating that § 1983 is the means that Congress has provided for plaintiffs seeking relief against state officials who violate the Constitution). As with the libel and ADEA claims above, states and state entities have engaged Eleventh Amendment immunity for § 1983 claims, which can be the only vehicle for Plaintiff's equal protection claim. *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 394 (1990); *Baldwin v. Univ. of Texas Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996). Consequently, these three claims (libel, ADEA, and § 1983) are hereby dismissed with prejudice as to all Defendants.

### B. *Plaintiff's Title VII and Title VI Claims Against Margaret Rollins*

Defendants also move for dismissal of Margaret Rollins on the remaining two causes of action (brought under Title VII and Title VI) because she is an improper defendant. Ms. Rollins is sued in her capacity as practice manager of the Clinic. In other words, she is sued in her "official" capacity. When a plaintiff sues both the employer and an individual in their official capacity for employment discrimination under Title VII, the claims are considered redundant, and the individual employee should be dismissed. *Zeng v. Texas Tech Univ. Health Sci. Ctr. At El Paso*, 836 Fed. App'x 203, 208 (5th Cir. 2020). The court in *Zeng* makes it clear that Title VII claims against an individual should be dismissed when the employer is also sued. Finally, only public and/or private entities (*not* individuals) can be held liable under Title VI. *Price ex rel. Price v.*

5

*Louisiana Dep't of Educ.*, 329 Fed. App'x 559 (5th Cir. 2009); *see also Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question ... that individuals are not liable under Title VI.") That being the case, Plaintiffs Title VII and Title VI claims against Rollins are hereby dismissed.

Since this Court has dismissed the libel, the ADEA, and the equal protection claims in their entirety, and has dismissed Rollins from the Title VII and Title VI actions, Rollins is hereby completely dismissed from this lawsuit with prejudice.

### C. *Plaintiff's Title VII and Title VI Claims Against UTHealth*

The Court finds that the Defendants' complaints about the remainder of Plaintiff's pleadings (concerning Title VI and VII claims) have merit. Therefore, Plaintiff's national origin discrimination claims under Title VI and Title VII complaints are hereby dismissed without prejudice.

Nevertheless, the Court also notes that Plaintiff is appearing *pro se* and has set out various elements of her national origin discrimination claims albeit in a confusing way and with some critical omissions. Plaintiff is hereby given leave to file a First Amended Complaint if she does so by June 30, 2024. This complaint should **not** include Margaret Rollins, as the Court has dismissed her, nor should it include the libel, the ADEA, or the equal protection claims that have also been dismissed with prejudice. The new complaint should be drafted in such a manner as to plead facts—not conclusions—that support each element of each alleged Title VI and Title VII claims. If Plaintiff fails to file an amended complaint by June 30, 2024, this dismissal order will become final, and the case will be considered dismissed in its entirety. If Plaintiff does timely file an amended complaint, Defendant UTHealth shall have until July 31, 2024, to file an answer or other form of response.

## IV. Conclusion

The Court denies Defendant's Motion to Strike (Doc. No. 24) and grants the Motion to Dismiss (Doc. No. 9) in its entirety. For the reasons above, Margaret Rollins is dismissed with prejudice. The claims against UTHealth based upon libel, violations of the equal protection clause, and the ADEA are also dismissed with prejudice.

The Title VI and VII claims against UTHealth are dismissed without prejudice and Plaintiff is given leave to file a First Amended Complaint asserting the Title VI and Title VII claims against UTHealth for discrimination based on national origin if she does so by June 30, 2024. Otherwise, this Court will dismiss those claims with prejudice as well.

SIGNED this 4th day of June 2024.

Andrew S. Hanen
United States District Judge